IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CR-14-325-R |
|  | ) | CIV-17-29-R |
|  | ) |  |
| NICOLAUS ZURIEL BROOM, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is Defendant-Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. 1. For the reasons that follow, Petitioner's Motion is GRANTED.

In November 2014, a grand jury sitting in the United States District Court for the Western District of Oklahoma indicted Defendant-Petitioner Nicolaus Broom on two counts. Mr. Broom later pled guilty to the first count, conspiring to distribute cocaine in violation of 21 U.S.C. § 846. At sentencing on January 11, 2016, this Court classified Mr. Broom as a career offender under the United States Sentencing Guidelines based on his two prior felony convictions for distributing cocaine and second-degree burglary. USSG § 4B1.1 provides for an enhanced sentence under the Guidelines for defendants who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Based on a total offense level of 29 and a criminal history category of VI, his guideline imprisonment range was 151 months to 188 months. This Court departed downward and imposed a 60-month term of imprisonment.

1

As he argued before sentencing, Mr. Broom believes he is not a career offender under the Guidelines because his Oklahoma conviction for second-degree burglary does not qualify as a crime of violence. At the time of his sentencing, the Guidelines defined "crime of violence" to include "burglary of a dwelling." USSG § 4B1.2. Though the provision has since been amended to delete burglary from the Guideline's list of generic crimes that count as crimes of violence, a sentencing court must generally apply the version of the Guidelines that is in effect on the date the defendant is sentenced." *See, e.g., United States v. Rodriguez*, 989 F.2d 583, 587 (2d Cir. 1993). Mr. Broom contends that *Mathis v. United States*, 136 S.Ct. 2243 (2016)—which was decided a little over six months after he was sentenced—clarifies that his conviction for second-degree burglary is not a crime of violence under the Guidelines and that the Court must therefore resentence him by considering his advisory guideline range of 30 to 37 months. Because the Court concurs that his conviction for second-degree burglary is not a crime of violence under the Guidelines, it will resentence him accordingly.

**I. Timeliness**

The initial question is whether Mr. Broom filed his Petition on time. The federal habeas statute affords federal prisoners one year to move for relief, but begins that limitations period at different times depending on the movant's specific grounds for relief. Under 28 U.S.C. § 2255(f)(1), a prisoner's petition is timely so long as it is filed within one year from "the date on which the judgment of conviction becomes final[.]" Mr. Broom filed within this one-year window. The Court sentenced Mr. Broom and entered judgment on January 11, 2016. He filed his Petition on January 10, 2017.

That would seem to resolve any dispute over timeliness, but the Government confuses the issue by treating Mr. Broom's petition as being brought under § 2255(f)(3). That provision begins a new one-year period during which a petitioner may file for relief, measured from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). The Government argues that because the Supreme Court did not make its holding in *Mathis* "retroactively applicable to cases on collateral review," Mr. Broom cannot rely on it to trigger a new-one year period for filing. Mr. Broom, however, is not arguing that his Petition is timely because it was filed within one year of the Supreme Court's decision in *Mathis* on June 23, 2016. Rather, his point is that he has filed within a year of when this Court's judgment became final. His argument is correct and saves his Petition from § 2255(f)'s procedural time bar.

## II. State-law Convictions as Crimes of Violence

Having decided that Mr. Broom's Petition is timely, the Court turns its attention to whether Mr. Broom's Oklahoma conviction for second-degree burglary qualifies as a crime of violence under the Guidelines. If it does, Mr. Broom was correctly classified as a career offender and his Petition thus fails on the merits. Fortunately for Mr. Broom, the Tenth Circuit, albeit in an unpublished opinion, has already held that Oklahoma's statute for second-degree burglary is not a crime of violence and therefore is not a sentence-enhancing

3

offense under the Armed Career Criminal Act.[1] *United States v. Taylor*, 672 Fed.Appx. 860, 863 (10th Cir. 2016). That conclusion followed from the Supreme Court's directive in *Mathis*: if a defendant's prior offense of conviction is broader—that is, it criminalizes more conduct—than the generic offense as listed in the ACCA, then that prior conviction cannot serve as an enhancement-qualifying offense under the ACCA. *Mathis*, 136 S.Ct. at 2248. So in the context of burglary,

> A crime counts as "burglary" under the [ACCA] if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA "burglary"—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries.

*Id.*

In other words, what matters is the array of conduct the state statute proscribes, not the specific manner in which a defendant violated the statute. Applying this rule, the Tenth Circuit had little trouble finding that Oklahoma's statute for second-degree burglary was broader than the ACCA's generic burglary offense, and therefore cannot be used to enhance a defendant's sentence under the ACCA. *Taylor*, 672 Fed.Appx. at 863. As explained in *Mathis*, the generic offense of burglary includes only "unlawful entry into a building or other structure." 136 S.Ct. at 2250. By contrast, Oklahoma's statute for second-

---

[1] Though *Taylor* examined "burglary" as used in the Armed Career Criminal Act (ACCA), both the ACCA and the Guidelines in effect at Mr. Broom's sentencing included burglary as an enhancement-qualifying offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Thus, *Taylor*'s comparison between Oklahoma's second-degree burglary statute and the generic offense of burglary is nonetheless instructive. *See, e.g., United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010) ("Given the similarity in language between the ACCA and USSG, we have occasionally looked to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony.") (internal quotes omitted).

degree burglary criminalizes entering not just buildings and structures but other places as well:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Okla. Stat. tit. 21, § 1435.

Thus, under *Taylor*, and by extension *Mathis*, second-degree burglary in Oklahoma is not a sentence-enhancing offense.

## III. Retroactivity

In order to prevail, however, Mr. Broom must be able to rely on *Mathis*, or at least its rule that courts must compare the scope of a crime of conviction to the generic offense. *Mathis*, however, was decided on June 23, 2016, more than five months after Mr. Broom was sentenced. Whether he can rely on Mathis depends on whether the Supreme Court handed down a "new rule" in Mathis or merely applied an "old rule." In contrast to an "old rule," a "new rule" is "a rule that was not dictated by precedent existing at the time the defendant's conviction became final." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (alterations omitted). Because an old rule is just that—understood to have been in existence at the time a defendant's conviction became final—"an old rule applies both on direct and collateral review." *Id.* By contrast, a new rule—because it is not dictated by precedent—"is generally applicable only to cases that are still on direct review," *id.*, meaning that Mr. Broom could not invoke it in this collateral attack. *Chaidez v. United States*, 133 S. Ct.

5

1103, 1107, 185 L. Ed. 2d 149 (2013) ("When we announce a 'new rule,' a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding. Only when we apply a settled rule may a person avail herself of the decision on collateral review.").

Consequently, so long as *Mathis* is an "old rule," Mr. Broom may rely on it to invalidate his sentence. And indeed, the Tenth Circuit has already decided that "*Mathis* did not announce a new rule" because it was "dictated by decades of prior precedent":

> For more than 25 years, we have repeatedly made clear that . . . Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition.
>
> *Taylor*, 672 Fed.Appx. at 864 (citing *Mathis*, 136 S.Ct. at 2257).

Simply put, at Mr. Broom's sentencing this Court should have looked to prior Supreme Court decisions to conclude that Mr. Broom's conviction for second-degree burglary did not qualify as a crime of violence under the Guidelines. If it had, it would not have classified Mr. Broom as a career offender. In light of this, Mr. Broom must be resentenced.

Petitioner's Motion is therefore GRANTED and his sentence hereby VACATED. The Probation Office is directed to prepare a new Presentence Investigation Report. Once the PSI is prepared, the Court will schedule Mr. Broom's resentencing.

IT IS SO ORDERED this 30th day of June 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE